**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4722

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHONATE HEMBY-BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:04-cr-00026-FL-2)

Submitted:  June 25, 2007          Decided:  July 16, 2007

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Walter A. Schmidlin, III, ANDERSON, JONES & GENGO, PLLC, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shonate Hemby-Brown appeals from her fifty-month sentence imposed after we remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). She contends that, after Booker, the district court was prohibited from imposing sentencing enhancements where the factual findings supporting the enhancements were not charged in the indictment and found by a jury beyond a reasonable doubt. She also challenges the factual findings supporting the enhancements, asserting that they were unsupported and that the loss amount determined for sentencing differed from the amount determined for restitution. Finding no error, we affirm.

Hemby-Brown argues that the district court violated her Sixth Amendment rights by enhancing her sentence based on factual findings that were not submitted to the jury and found beyond a reasonable doubt. This is incorrect. Rather, as directed by this court on remand and by Hughes, 401 F.3d at 546, the district court first determined the appropriate sentencing range under the Sentencing Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court then considered the resulting sentencing range and the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and imposed sentence. Contrary to Hemby-Brown's contentions, the

district court was authorized--indeed directed--to make the factual findings as it did.

Hemby-Brown also challenges the reasonableness of the findings that increased her offense level and thus her sentence, asserting that they were not supported by the evidence. Specifically, she contends that there was insufficient evidence to support the amount of loss determination, the finding that there were ten or more victims of the offense, and the amount of restitution. Because these issues are raised for the first time in this appeal, we review for plain error. United States v. Olano, 507 U.S. 725, 734 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). We find that the amount of loss was foreseeable to Hemby-Brown, and that the district court's findings as to the amount of loss, the number of victims, and the use of identification of another person in the creation of identification documents are supported by the record and the enhancements were properly applied. Thus, there was no plain error in the application of the sentencing enhancements. Id.

Lastly, Hemby-Brown asserts that the district court's determination of the loss amounts was unreasonable, because the amount of loss used to compute the increase to her sentence differed from the amount of loss used to determine restitution. Different standards and different considerations govern the determination of intended loss for determination of the Sentencing

Guidelines range and actual loss for purposes of restitution. Compare U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A) (2002), with 18 U.S.C.A. § 3663A(b)(1) (West 2000 & Supp. 2007). The district court did not plainly err in computing these amounts. See Olano, 507 U.S. at 731-32.

Because the district court properly applied the Guidelines as advisory and imposed a sentence within the appropriately calculated Guideline range, we find that the sentence is reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 551 U.S. ___, No. 06-5754, at pp. 7-16 (U.S. June 21, 2007) (slip copy) (upholding the application of rebuttable presumption of reasonableness of a within Guidelines sentence). Accordingly, we affirm Hemby-Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED